JOHN JIMISON

V.

THE COUNTY OF ADAMS.

*Schools—County Superintendent—Compensation of—Powers of County Boards.*

Section 20 of the school law as amended (the amendment in question having taken effect July 1, 1885) did not so amend section 27 of the act relating to fees and salaries as to give the county superintendents, then in office, compensation at the rate of $4 per day for the time actually spent, subsequent to July 1, 1885, regardless of the number of days designated by the county board for such services.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Messrs. CARTER & GOVERT and JOHN H. WILLIAMS, for appellant.

Mr. ALMERON WHEAT, for appellee.

WALL, P. J. The first question arising is whether the county superintendent of schools is a county officer (within the meaning of Sec. 10, Art. 10, of the Constitution) whose compensation is to be fixed by the county board. That section is in a division of the article headed " county officers and their compensation."

Sec. 8, the first in the division, declares that " in each county there shall be elected the following county officers," naming the judge, sheriff, county clerk and circuit clerk.

Sec. 5 of Art. 8, provides that " there may be a county superintendent of schools in each county." Here, then, it seems that the officers named in Sec. 8 of Art. 10 as county officers, were absolutely provided for. Those officers were created by the Constitution. The office of county superintendent was not so created, and it was left to the Legislature to create it

or not, and by Sec. 5 of Art. 8, it was also provided in express terms that " the qualifications, powers, duties, compensation, time and manner of election and term of office " should be prescribed by law.

Sec. 10 of Art. 10, in speaking of " all county officers " manifestly refers to those named in Sec. 8, preceding, and manifestly does not include the county superintendent of schools, an office that might or might not be created, but, if created, its compensation was to be prescribed by law.   To ascertain what is the compensation of the county superintendent, we must look, then, to the statutes enacted since the adoption of the Constitution.

In the revision of 1875, Chap. 122, Sec. 11, the office is provided for.  Under former legislation (1865) there had been an officer of similar functions called county school superintendent, who succeeded a similar officer called county commissioner of schools.

The act in relation to fees and salaries, Chap. 53, R. S. 1874, provided, in Sec. 27, for the compensation of this officer, giving him certain commissions on sales of school lands, sales of land upon mortgage, sales of real estate for debt, and upon money distributed, paid or loaned out by him for the support of schools, and for all other duties to be performed by him, " for such number of days as may be designated by the county board in counties of the first and second class the sum of four dollars per day."

The county board was thus authorized to fix the number of days for which the per diem might be paid, but this was by virtue of the statute and not by the Constitution.

The county board of Adams county passed an order in September, 1882, fixing the salary of the county superintendent of schools at $800 per annum.

This order can be considered valid only by regarding it as, in substance, a designation of two hundred days per annum, for each of which $4 should be paid under section 27 above referred to.

In 1885, the Legislature passed an act to amend Secs. 13, 20 and 71 of the school law.  By this act, which will be found

in Session Laws of 1885, p. 240, the three sections were rewritten and were to read as therein set out. The change in Sec. 13 need not be noted. Sec. 20, as thus amended, provided, in the first sentence, that the county superintendent should visit each school in the county at least once a year, and in the performance of this duty he should spend at least half of the time given to his office and more, if practicable, in visiting ungraded schools. In the second sentence it reads thus: "In counties having not more than one hundred schools, the county board may limit the time of the county superintenddent," and then fixes a schedule of limitations for such counties. The residue of this section is devoted to a careful detail of the various duties of the office. Sec. 71, as thus amended, reads as follows:

"County superintendents elected hereafter shall receive in full for all services rendered by them, commissions, as follows (the same as provided in Sec. 27 of the act relating to fees and salaries). For all other duties required by law to be persformed by them, four dollars per day for such number of day as shall be spent in actual performance of their duties, not exceeding the number of days fixed by the county boards in counties in which the boards are given power to fix the number of days by Sec. 20 of this act, and one dollar a day for expenses for the number of days actually spent in school visitation."

The section then proceeds to provide for the pay of assistant superintendents, to be fixed by the county boards, and then it provides that the superintendents shall make out their itemized bills under oath, accompanied by reports, etc., which bills having been audited by the county board shall be certified to the auditor of public accounts, who shall issue to the superintendents his warrant on the State treasury for the amount, which amount shall be deducted from the county's portion of the State school fund. Under the former law the compensation was paid directly from the county treasury.

The question now presented is whether said Sec. 20, as it now reads, has so amended Sec. 27 of the act relating to fees and salaries as to give the county superintendents then in

office, $4 per day for the time really employed after the first day of July, 1885, when the amendatory act took effect regardless of the number of days designated by the county board.

It is the contention of appellant, that it must be so con-strued; while appellee insists that said Sec. 20 is to be read in connection with Sec. 71, which expressly refers to superin-tendents thereafter elected.

These amendatory sections are substituted as of date July 1, 1885, for the sections of same number in the law as it was before, and one peculiar effect is that the provision of Sec 71 of the law previous to July 1, 1885, which made the compensation of the superintendent payable out of the county treasury, is stricken out and nothing substituted for it as to superintend-ents then in office, and it is only by implication of law, if at all, that it could be determined from what fund should be paid the compensation for the remainder of the term of superintendents then in office. This does not, however, throw any light upon the question under consideration. Turning again to Sec. 27 of the fees and salaries act it will be noted the language is " for all other duties to be performed by them for such number of days as may be designated by the county board * * * the sum of four dollars per day." The number of days to be designated by the board was the standard and the only standard. Now if Sec. 20 of the act took immediate effect, and operated upon Sec. 27 of the fees and salaries act with reference to superin-tendents then in office, so as to deprive the county board of the power to limit the time in a county having more than one hundred schools (and Adams was such a county), the result would be to strike out of Sec. 27 the words " for such number of days as may be designated by the county board, " and the clause would then read, " for all other duties to be performed by them the sum of four dollars per day." There would then be no limitation of days fixed by law, and while the courts might be inclined to construe this to mean days actually employed, yet there would be no mode provided for ascertaining the number.

The construction contended for by appellant would lead to an unfortunate condition of things, and one evidently not contemplated by the law maker.

It is a familiar doctrine that a repeal of a statute by implication is not favored, and where two statutes can stand together and be harmonized, the courts will adopt the construction which will lead to such result.

It is a rule of construction provided by our statute, Chap. 131, Sec. 4, " No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not as to * * * any right accrued or claim arising before the new law took effect."

It is provided by Sec. 11, Art. 9, of the Constitution, that " the fees, salary or compensation of no municipal officer who is elected or appointed ' for a definite term of office shall be increased or diminished during such term."

Counsel for appellant seeming to concede that a county superintendent is a municipal officer, and that this provision would affect him, contend that changing the amount of service, or rather the number of days to be served at a fixed, unchanged rate per day, is not tantamount to a change of fees, salary or compensation. It has been seen, however, that the number of days designated by the board is not necessarily the number of days of service, but is rather an arbitrary limitation which may exceed, or fall short of the period of actual service.

The official duties fixed by Sec. 20, as amended, may or may not involve more days of actual service than necessary under the section as it formerly stood. We can not tell by the character of the duties as set forth in the new section compared with the old, but very clearly the compensation will be placed upon a different basis, and will no doubt be changed in amount.

The difficulties growing out of the construction urged by appellant will be avoided by holding that Sec. 20 and 71 are to be read together so far as this point is concerned.

Regarding the general rules of construction, the language employed in the several sections referred to, and the results of a different view, we hold that Sec. 20, so far as it relates to

the power of limitations by the county board, applies only to
county superintendents thereafter elected.

If this be correct the Circuit Court properly found the
appellant had no cause of action and the judgment will be
affirmed.

*Judgment affirmed.*